**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) **CASE NO.: 3:25-CR-310-KDB** |
| **v.** | ) |
| **MARVIN QUALLS,** | ) |
| **a/k/a "BG"** | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE OF DRUG DEALING**

Defendant moves *in limine* to prohibit the government from arguing or presenting evidence referencing his selling or dealing in controlled substances. Because this evidence is intrinsic and relevant to the charged crimes, the government opposes Defendant's motion.

**BACKGROUND**

Defendant is charged with Conspiracy to Commit Sex Trafficking of a Minor and Sex Trafficking of a Minor. (Doc. No. 1). These charges arise out of conduct occurring between on or about December 5, 2023 and January 30, 2024. During that time, Defendant and his co-conspirator and co-defendant, Otu Ekong, made the sixteen-year-old minor victim available for commercial sex by providing hotel rooms for her, causing advertisements to be posted on websites offering Minor Victim for commercial sex, transporting her to various hotels, and arranging commercial sex transactions for her. Defendant and his co-conspirator profited from Minor Victim's commercial sex transactions and provided her with food, clothes, and security. Defendant also provided Minor Victim with alcohol and marijuana to make her commercial sex transactions easier.

1

According to Ekong, he met Qualls in or around 2022 when they worked at a Wendy's restaurant together. They became friends, and Ekong occasionally bought marijuana from Defendant. Ekong became addicted to drugs and lost his apartment. Shortly after, he began staying with Defendant. During the time period that Defendant and Ekong trafficked Minor Victim, Defendant also sold drugs and would pay Ekong in drugs for his assistance in trafficking Minor Victim.

## ARGUMENT

Evidence that Defendant gave drugs to his victim and co-conspirator is direct evidence of the crimes charged, provides background and context to the events on trial, and will serve to complete the story of the crime on trial. "Relevance itself is a low bar, requiring only that the evidence make a fact of consequence more or less likely to be true." *United States v. Ferguson*, 140 F.4th 538, 542 (4th Cir. 2025). Relevant evidence may be excluded when its probative value is substantially outweighed by the danger of unfair prejudice or misleading the jury. Fed. R. Evid. 403.

Evidence that Defendant provided drugs to Minor Victim and Ekong is intrinsically intertwined with the offenses he is charged with and highly relevant. Providing drugs to Minor Victim was a part of how he enticed her to continue engaging in commercial sex acts. It is also how he maintained her and made her able to continue engaging in sex acts because the drugs and alcohol made it easier for her to do so. This was part of his grooming of Minor Victim to engage in commercial sex and shows Defendant's influence and control over her behavior. *United States v. Betts*, 911 F.3d 523, 529–30 (8th Cir. 2018), *See United States v. O'Neal*, 742 F. App'x 836, 845 (5th Cir. 2018) (unpublished) (finding that providing a minor victim with drugs and having sex with her was intrinsic to the charge of sex trafficking of a minor). Therefore, evidence that

2

Defendant gave drugs to Minor Victim is relevant to the charged conduct of sex trafficking of a minor. *United States v. Williams*, 564 F. App'x 568, 574 (11th Cir. 2014) (unpublished).

Evidence that Defendant paid his co-conspirator in drugs for helping him traffic Minor Victim is also relevant and part of the crimes charged, and the fact that Defendant was already providing drugs to Ekong before this offense provides background to the jury and completes the story of the crimes on trial. Defendant's form of payment to Ekong for his assistance in trafficking Minor Victim was part of their conspiracy and agreement. The fact that Defendant was already selling drugs to Ekong provides context to the fact that Defendant paid him in drugs and will assist the jury in deciding whether to believe that this was their arrangement.

This evidence relating to Defendant's drug dealing is part of the single criminal episode on trial, and its probative value far outweighs any prejudicial effect. The fact that he sold drugs is no more inflammatory than the offenses on trial. The revelation that Defendant gave drugs to someone besides Minor Victim is highly unlikely to have a substantial and harmful effect on the jury's decision of guilt. *See Williams*, 564 F. App'x at 574–575. Any potential prejudice can be eliminated by a limiting jury instruction. Accordingly, the Court should not exclude this evidence.

Respectfully submitted this 8th day of June, 2026.

RUSS FERGUSON
UNITED STATES ATTORNEY

*/s/ Stephanie L. Spaugh*
Assistant United States Attorney
NC Bar Number: 47877
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
Telephone: 704.338.3113
E-mail: stephanie.spaugh@usdoj.gov

3

RUSS FERGUSON
UNITED STATES ATTORNEY

*/s/ Timothy Sielaff*
Assistant United States Attorney
North Carolina State Bar No. 33648
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
Telephone: (704) 227-0184
Email: timothy.sielaff@usdoj.gov

4

## CERTIFICATION

Pursuant to the Standing Order of this Court entered June 18, 2024, and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certifies:

1.  No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2.  Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 8th day of June, 2026.

*/s/ Stephanie L. Spaugh*
Assistant United States Attorney

*/s/ Timothy Sielaff*
Assistant United States Attorney

5